## THE PEOPLE, *v.* McCALLA *et al.*

A defendant, in a joint-indictment, has the right to demand a separate trial, or to waive this right, and be tried jointly.

Where several defendants are tried together, they are not allowed to sever their challenges, but all must join therein. This applies as well to peremptory, as to challenges for cause.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

Edward McCalla, Thomas McCalla, and W. H. Killion, were indicted for the murder of one Bond. On being arraigned, they elected to be tried jointly. Upon the trial of this cause, and after James Campbell, one of the persons who was called as a juror, had been examined touching his competency, the said Edward McCalla interposed a peremptory challenge to said juror, before twenty peremptory challenges had been exhausted; whereupon, Thomas McCalla objected to said challenge being allowed, and refused to join therein. The Court refused to allow the challenge, and the juror was sworn.

Afterwards, and before twenty peremptory challenges had been exhausted by the defence, the defendant Thomas McCalla challenged, peremptorily, a juror, and the said Edward McCalla refused to join therein. This juror was also admitted by the Court. To the ruling of the Court, in both instances, the said Edward and Thomas McCalla excepted.

The jury found Edward McCalla guilty of murder in the first degree, Thomas McCalla guilty of manslaughter, and acquitted W. H. Killion.

Thomas and Edward McCalla took this appeal.

*E. D. Baker* for Appellants.

It cannot admit of reasonable doubt, that the Court in this case ruled erroneously, as to the allowance of the challenge.

"Where several defendants are tried together, they are not allowed to sever their challenges, but must join therein." C. L., p. 464, § 327.

But this section is to be construed with sections three hundred and forty-two and three hundred and forty-three :

§ 342 declares "A peremptory challenge may be taken by either party, and may be oral. It is an objection to a juror, for which no reason need be given, but upon which the Court shall exclude him."

§ 343. "If the offence charged be punishable with death, or with imprisonment in a State-prison for life, the defendant is entitled to twenty, and the State to five, peremptory challenges."

People v. McCalla.

The act is, therefore, peremptory, that each defendant charged with so high an offence as the one in this case, shall have twenty challenges. It is, therefore, obvious, that section three hundred and twenty-seven relates to challenges for cause, and not to peremptory challenges.

In this case, it appears that the peremptory challenges were not exhausted when the Court ruled that they must join, or the challenge be disallowed, as it was, because one of the defendants would not join.

As the defendant urging his peremptory challenges had not exhausted his peremptory challenges, the effect of the decision was to deprive him of a challenge allowed him by law, which may have resulted in his own conviction. If the ruling of the Court was right, the practical effect of it might be, where two defendants are tried together, to reduce the number of peremptory challenges to ten, clearly a result never contemplated by the Legislature. Such a forced construction should not be adopted against life and liberty. A juror might be presented whose prejudices would lead him to convict one defendant and acquit the other, and yet the party challenging be entirely deprived of the benefit of his peremptory challenge, under the construction in this case.

The Constitution of the United States, and of this State, secures to the accused a right of trial by jury, and it has been frequently decided, that the jury trial is to be determined and governed by the principles of the common law, as they existed at the period of the adoption of those provisions. Blackstone informs us that the number of peremptory challenges, at common law, was thirty-five. 3 Black., 354.

As the common law stood, amended by statute Henry VIII, at the time of the adoption of the Federal Constitution, and also that of the Constitution of this State, the number was twenty.

We submit, therefore, that in capital cases, the Legislature has no right to reduce the number below twenty. 1 Kent, 522, and notes; State v. Simons, 2 Spicer, 767; Byrd v. The State, 1 Howard's R., 177.

Whether or not the Legislature possesses the power to reduce the number of challenges below twenty, it should not be held to have been done by construction.

W. T. Wallace, Attorney-General, for Respondent.
No brief on file.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The defendants were jointly indicted, and tried, in the Court below, for the crime of murder, and were convicted, the one of murder, and the other of manslaughter.

The only error assigned, is the refusal of the Court to exclude from the panel a juror, who was challenged peremptorily by one of the defendants, the other expressly refusing to join in the challenge.

The three hundred and twenty-seventh section of the act to regulate proceedings in criminal cases, provides that "when several defendants are tried together, they are not allowed to sever their challenges, but must join therein." This section would appear to be sufficiently explicit, and, indeed, it would be difficult to find language to express more clearly the intention of the Legislature.

It is contended by counsel that it was intended to apply only to challenges for cause, and that each defendant, in a criminal case, is entitled to twenty peremptory challenges. In support of this position no authority is adduced, and the reverse of it would seem to be true. Challenges for cause may be made by any party, and when a fact establishing the incompetence of a juror is brought to the knowledge of the Court, it becomes its duty to exclude him, even against the wishes of all the parties.

On the other hand, peremptory challenges are interposed at the option of the defence, or the prosecution, and each defendant has a right to insist that the limit allowed to the prosecution is not exceeded, and that he shall not be deprived of the judgment of a competent and impartial juror, by the mere whim or caprice of his co-defendant.

Defendants in capital cases are allowed twenty peremptory challenges, (ib., § 343,) and it is at the option of each defendant, in a joint-indictment, to receive a separate trial (§ 367). If he chooses to waive this right, and be tried jointly with another, his authority to control the conduct of the defence is of course shared with his co-defendant.

It follows that there is no error in the ruling of the Court below.

The judgment is affirmed, and the Court below directed to appoint a day for carrying its sentence into execution.