[Criminal No. 194.   Filed March 30, 1905.]

[80 Pac. 354.]

ZACK BOOTH, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—MURDER—TRIAL—JURY—PEREMPTORY CHALLENGES—SEVERANCE—REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 903, 910, 913, 918, 925, COMP. LAWS 1877, SECS. 714, 726, CITED AND CONSTRUED.—Under section 726, *supra,* declaring that a challenge to an individual juror is either peremptory or for cause; section 910, *supra,* stating the causes for which challenges to individual jurors may be made, and using the term "challenge to an individual juror" as synonymous with "challenge for cause"; section 913, *supra,* declaring that challenges to individual jurors shall be tried by the court; section 918, *supra,* providing that challenges to the panel or to the individual juror shall be oral, and shall be entered on the minutes of the court, together with the court's decision thereon; and section 714, *supra,* as amended, providing that when several defendants are tried together, they are not allowed to sever their challenges, but must join therein, "except a challenge to an individual juror," two defendants jointly indicted for murder in the first degree, having made no application for severance, as they might have done, under section 925, *supra,* were only entitled to the number of peremptory challenges each would have been entitled to if separately tried.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Gila.   Edward Kent, Judge.   Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, and George J. Stoneman, for Appellant.

The provisions of our Penal Code relative to the right of the accused to peremptorily challenge persons from the jury list are but declaratory of the common law, and ought to be settled without much controversy.   "It appears never to have been doubted at common law, in the case of persons jointly indicted, each was entitled to the same number of peremptory challenges which he might claim if singly indicted."   Thompson & Merriam on Juries, sec. 162; *State* v. *Durein,* 29 Kan.

688; *Smith* v. *State,* 57 Miss. 822; *Washington* v. *State,* 17 Wis. 152; *Wiggins* v. *State,* 1 Lea, 738; *People* v. *Welmer,* 110 Mich. 248, 68 N. W. 141.

Joseph H. Kibbey, Attorney-General, A. C. Baker, of Counsel, for Respondent.

The terms "party," or "either party," or "each party," as used in sections 910 and 920, do not mean person; they mean the entire side, although composed of several persons. *People* v. *O'Laughlin,* 3 Utah, 133, 1 Pac. 653; *State* v. *Cady,* 80 Me. 413, 14 Atl. 940.

SLOAN, J.—The appellant, Z. H. Booth, and his brother, John Booth, in the district court of Gila County, were jointly indicted and jointly tried for murder. The appellant, Z. H. Booth, was convicted of murder in the first degree, and his co-defendant, John Booth, was acquitted. The verdict against appellant fixed his punishment at death.

Upon the trial the court ruled that the defendants were jointly entitled to ten peremptory challenges, and denied their request that each be allowed that number. Appellant complains of this ruling of the trial court, and of no other. In so far as this court is concerned, a new, and, in its general application to the practice in our trial courts, an important, question is thus presented. The practice in the district courts since the organization of the territory has been uniform, in allowing to two or more defendants jointly tried only the number of peremptory challenges each would have been entitled to if separately tried. This practice, so long adhered to and acquiesced in, while not controlling, should be considered in construing our statutes, if a reading of these leaves the legislative intent a matter of doubt. Until the revision of our laws in 1887 took effect, the California statutes upon the subject of the organization of trial juries in criminal cases were in force in this territory. These statutes, prior to their adoption by our legislature, had been construed by the supreme court of California to limit the number of peremptory challenges, when two or more defendants were jointly tried, to that allowed to a single defendant. *People* v. *McCalla,* 8 Cal. 301. From their organization the trial courts of the territory followed the practice thus sanctioned by the courts

of the state from whence our statutes were taken. The stat-
utes upon the subject of trial juries in criminal cases were in
some particulars changed by the revision of 1887. It was
argued by counsel for appellant that the effect of these amend-
ments was to change the rule relating to the exercise of the
right of peremptory challenges by defendants jointly tried.
Stress was put upon the amendment to paragraph 714 of the
Compiled Laws of Arizona of 1877. This paragraph origi-
nally read: "When several defendants are tried together
they are not allowed to sever their challenges but must join
therein." This paragraph was re-enacted in the revision of
1887 with the addition of the words "except a challenge to
an individual juror." Unless the legislative intent to change
the rule can be inferred from this amendment, it cannot be
elsewhere found in the amendments made to the statutes.
Judge Terry, in delivering the opinion of the court in *People*
v. *McCalla,* expressed the view that the statute forbidding
the severance of challenges by defendants jointly tried had
particular reference to peremptory challenges, for the reason
that it was the duty of the trial court to exclude a juror,
without the interposition of a challenge, should it otherwise
appear or be brought to the knowledge of the court that such
juror was incompetent. The learned judge in that case seems
to have overlooked the fact that many cases might arise of the
presence on the panel of incompetent and unfit jurors whose
incompetency and unfitness would not be ascertained on *voir
dire.* In such cases challenges for cause would be required,
in order that the facts showing disqualification might be
shown by other evidence than that of the sworn statements of
the jurors. In any such case it would seem only just that
each defendant should have the right to make his challenge
for cause independently of the action of his co-defendant.
It is a reasonable explanation of the change thus made in the
statute that it was the intent of the legislature that each
defendant should not be required to join in any challenge for
cause to an individual juror. This view is strengthened when
we consider other changes made in the statutes relating to
the same subject-matter. Paragraph 726 of the Compiled
Laws reads: "A challenge to an individual juror is either:
(1) Peremptory; or (2) for cause." The present statutes
omit to classify peremptory challenges among those to an

individual juror, and in a number of instances the term
"challenge to an individual juror" is used as synonymous
with the term "challenge for cause." Thus in section 910
of the Penal Code, the causes for which challenges to individ-
ual jurors may be made are set forth. Section 913, in effect,
provides that challenges to individual jurors shall be tried by
the court. Again, section 918 provides that the challenges to
the panel or to an individual juror shall be oral, and shall
be entered in the minutes of the court, together with the
court's decision thereon. The view that by the revision of
1887 it was the legislative intent to grant the right of indi-
vidual challenges for cause to each defendant and to leave
the general provision requiring the several defendants to join
in their peremptory challenges still in effect, is further
strengthened when we consider other provisions of our jury
law. If it were intended by the amendment to permit each
defendant to exercise the right of peremptory challenge, inde-
pendently of his co-defendant, and to give to each the full
number of peremptory challenges allowed by law to a single
defendant, it would seem reasonable that the legislature would
have enlarged the number of trial jurors which might be
drawn from the jury list and be summoned to attend for any
term of court. The number of jurors which can be so drawn
under the two revisions of the Penal Code is the same as
that under the Howell Code,—namely, fifty. Under the pres-
ent practice of requiring the full number of qualified jurors
to be in the box before either party is required to exercise
his right of challenge, either peremptory or for cause, the num-
ber of fifty would be wholly inadequate in a case of murder,
where two or more defendants were being jointly tried. It
would seem, therefore, that, if the legislature intended any
change in the practice in the matter of extending the number
of peremptory challenges to two or more defendants jointly
tried, it would have at the same time enlarged the number
of the trial jury which could be drawn, summoned, and in
attendance during the term. We regard this question as
purely one of statutory construction, upon which little light is
shed by the rulings of the courts in other states and territories
construing other and distinct statutes.

A study of the practice which prevailed at common law,
while interesting, does not materially aid in the construction

of our statutes. The right of peremptory challenge was one recognized in all felony cases, and each defendant was entitled to exercise independently the full number; but at ·common law a defendant jointly indicted with another could not, as a matter of right, demand a separate trial—neither could the prosecution. Bishop, in his work on Criminal Procedure, quotes Hawkins, however, as authority for the statement that a prosecutor could secure a separate trial without the exercise of any discretion on the part of the court by taking out separate venires against the several defendants. Unless this was done, it appears .that the matter of a separate trial rested in the sound discretion of the court; and this discretion was frequently exercised when it appeared that the tales would be exhausted, and the inconvenience arising therefrom be occasioned. Under our statute it is the privilege of every defendant jointly indicted to be severally tried. · Pen. Code, sec. 925. The same reason why each defendant jointly indicted and tried should be given the full number of peremptory challenges does not exist under our statutes as at common law, for he may exercise the option of being tried jointly or severally.

We hold, therefore, that the right of each defendant, under a joint indictment, to sever his peremptory challenges, and exercise the full number allowed by law to a defendant, is not recognized by the statutes, and we see no reason for overturning the contemporaneous construction put upon the statutes by the trial courts, and long acquiesced in.

The judgment is affirmed.

DOAN, J., and DAVIS, J., concur.