[Criminal No. 704.   Filed September 24, 1929.]

[280 Pac. 491.]

J. W. MARSHALL, Appellant, v. STATE, Respondent.

See Criminal Law, 16 **C. J.**, sec. 1283, p. 646, n. 81; sec. 1312, p. 658, n. 18; 17 **C. J.**, sec. 3593, p. 255, n. 55.

Mr. J. W. Marshall, *in pro. per.*

Mr. K. Berry Peterson, Attorney General, Mr. Lloyd J. Andrews, Assistant Attorney General, and Mr. George T. Wilson, County Attorney, for the State.

ROSS, J.—The defendant appeals from a conviction of robbery. He assigns two errors; the first being that the evidence is not sufficient to sustain the verdict, and the second the admission of certain evidence over his objection.

We have examined the transcript of the testimony in connection with the first assignment, and find it contains very substantial evidence of defendant's guilt, amply sufficient to sustain the verdict, if believed by the jury. That puts an end to such assign-

ment, since under the rule, if there is substantial evidence to support the verdict, we will not review the jury's conclusion thereon. *La Grange* v. *State,* 26 Ariz. 102, 222 Pac. 414; *Encinas* v. *State,* 26 Ariz. 24, 221 Pac. 232; *Waddle* v. *State,* 27 Ariz. 68, 229 Pac. 944; *Duff* v. *State,* 19 Ariz. 361, 171 Pac. 133.

In order to understand the claimed error in the admission of testimony, it will be necessary to briefly outline a few of the salient facts of the case. In the afternoon of August 10th, 1928, the defendant and one Louis Baker and two women companions, Dot Wilson and Mildred Christy, all fairly well "stewed," or "lit up," on bootleg whisky, landed at 909 West Lincoln Street, Phoenix, the purpose of their visit there being, it appears, to further refresh themselves. They found at this place a colored woman, by the name of Esther Littlejohn, servant of the proprietress, and the prosecuting witness, A. L. Reedy. Reedy, a cattle buyer, had stopped at the Lincoln Street address and was in the act, as he says, of eating a fish dinner and drinking a couple bottles of beer, when defendant and his companions arrived. Up to this time Reedy knew none of the newcomers, and they did not know Reedy. This, however, did not seem to make any difference, for they were soon drinking together, the Wilson woman, at such bout, being paired off with Reedy. Esther Littlejohn testified that while this was going on the defendant asked her if she would "dope" some whisky to give to Reedy, and that she refused to do so. It seems during this time Mildred Christy was so drunk as not to be able to participate in the festivities. The party left the Lincoln Street address in the middle of the afternoon, the two women and Reedy in the latter's automobile, and defendant and Baker in Baker's automobile, with the avowed purpose of taking Mildred Christy to her home, but before they had proceeded very far it was suggested by some one of the

party that a lunch be bought, and that they go down on the river bank, eat it and sober up. Accordingly they stopped at a Chinese store, and Reedy paid for a party lunch. They arrived at the luncheon grounds while the sun was still up, ate their lunch and drank from a bottle furnished by defendant. Reedy testified that, soon after drinking from such bottle, he lost consciousness and so remained until 9 or 9:30 that night; that when he awoke he was alone on the river bank, his face and right side covered with blood, with a wound in the right side of his head, just above the ear, and some eight or nine dollars he had in his pocket earlier in the evening missing.

Mildred Christy, who testified for the prosecution, was permitted, over objection, to state that just as defendant, Baker, Wilson and she were leaving the luncheon place in Baker's automobile she heard one of the other three, but which she could not tell, say "We sure cold-cocked that guy." The objections to this testimony were several, among them: (1) That it did not identify defendant as the speaker; (2) that it was not a part of the *res gestae*. It was admitted by the court as being so close in time and place to the actual offense as to constitute a part thereof, or as being contemporaneous. Whether the court was right, we do not deem it necessary to decide.

The same witness testified that her companions, as they drove away, were talking about hitting this fellow in the head; that they discussed then the disappointment in not finding more money on him; that it was proposed that they return and search him again; that at this juncture Dot Wilson suggested that she had left her pocketbook in Reedy's car, whereupon they did return; that defendant and Baker went to Reedy's car, and returned, reporting that Reedy said to them "that somebody already knocked him in the head with something, and that he didn't have a cent."

This conversation related by Mildred Christy concerning the robbery, their disappointment at not finding more money on Reedy's person, their return to Reedy to make certain that they had not overlooked anything, was participated in by all of these parties, that is, Baker, Wilson and defendant, and indicated that one was as much involved as the other. Under such circumstances, we think what one said to the others, or in the presence of the others, would be evidence against any one or all of them as an admission against interest. On that ground the evidence was certainly admissible. 16 C. J. 658, § 1312.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.