472 P.2d 18

**STATE of Arizona, Appellant,**

v.

**Richard McAVANEY, Appellee.**

**No. 2085.**

Supreme Court of Arizona,
In Banc.

July 2, 1970.

**150**

Ronald F. Jones, Yuma County Atty., Yuma, for appellant.

J. H. Bundy, Yuma, for appellee.

LOCKWOOD, Chief Justice:

Defendant was convicted of the illegal sale of marijuana, by testimony of only one witness—an undercover police officer. After the trial, defense counsel was told by the officer that the latter believed that anyone responsible for a conviction in a narcotics case was eligible for a $100 reward and that he intended to try to collect the reward. Defense counsel, believing that such information impaired the veracity of the officer's testimony, promptly moved for a new trial.

The trial court judge apparently believed that the newly discovered evidence might have affected the verdict if offered at the trial. He granted a new trial stating in particular detail the nature of the newly discovered evidence, and further stated that his ruling was based upon "profound and serious questions of public policy and the sound administration of justice that must govern the courts, rather than on a mere question of new discovered evidence." The state appealed.

 The law in Arizona is that a new trial should not be granted because of newly discovered evidence if such evidence is merely cumulative, impeaching, contradictory, or would probably not have changed the verdict or findings of the court. However, this Court generally will not interfere with the trial court's exercise of its discretion in the matter of granting a new trial unless it appears affirmatively that there was an abuse of discretion, or that the trial court acted arbitrarily. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729.

In this case, the only evidence produced against the defendant was the testimony of the witness undercover officer. Had he been asked whether it was his understanding that a reward had been offered for anyone responsible for a narcotic conviction, and that he expected to apply for the reward, it is presumed that he would have answered affirmatively. It cannot be said that this would have no probability of changing the verdict.

The trial court sufficiently complied with Criminal Rule 313, 17 A.R.S. in stating his reason for granting the new trial.

We hold that the granting of a new trial in the instant case was not an abuse of the trial court's discretion.

Judgment affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.