482 P.2d 872

**The STATE of Arizona, Appellee,**

v.

**Alfred Lewis MURPHY, Appellant.**

**No. 2142.**

Supreme Court of Arizona,
In Banc.

March 25, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Arthur W. Vance, Jr., Yuma, for appellant.

CAMERON, Justice.

This is an appeal from a verdict and judgment of guilty to the crime of furnishing marijuana, § 36–1002.07 A.R.S.

Two questions are presented on appeal:

1. Was the jury's verdict contrary to the weight of the evidence?

2. Did the court commit reversible error in refusing to grant a new trial on newly discovered evidence?

The facts necessary for a determination of the matter on appeal are as follows. On 6 March 1969, defendant allegedly gave to a Mr. Rodriguez a marijuana ciga-

rette which he, the defendant, had been smoking. Mr. Rodriguez was an undercover agent employed by both the Police Department of the City of Yuma and the Sheriff's Department of Yuma County. Mr. Rodriguez kept the cigarette and later that night delivered it to a detective with the Yuma Police Department. The sole testimony concerning the transaction was from Mr. Rodriguez. The defendant denied he had or gave any cigarette to Mr. Rodriguez and a friend of the defendant testified that he did not see the defendant with any cigarettes or with any marijuana.

Trial was held on 9 July 1969 and sentencing was on 21 January 1970. Defendant was placed on five years probation. Prior to this time, however, the defendant's attorney moved for a new trial based on newly discovered evidence. The motion stated:

"(2) The factual basis for Defendant's motion is that the police informer, or undercover agent, planned to make a claim for rewards for the convictions of various defendants including this Defendant and this motive was not known to the Defense at the time of the trial and would have made a difference as to the credibility of the State's chief witnesses."

The new evidence was the same as in another case in the same county and involving the same undercover agent, but before a different judge. An advertisement was placed in the newspapers in Yuma in February or March of 1969 stating that a local service organization would give $100 to any person responsible for a narcotic conviction. Mr. Rodriguez informed the attorney that he would attempt to collect such reward when the pending narcotic cases in which he was a witness were disposed of. In the other case, the trial judge granted a new trial based upon this newly discovered evidence and the Arizona Supreme Court affirmed the granting of the new trial. See State v. McAvaney, 106 Ariz. 149, 472 P.2d 18 (1970).

## WAS THE VERDICT CONTRARY TO THE WEIGHT OF THE EVIDENCE?

We have read the transcript of the trial and reviewed the record and find there was sufficient evidence to support the verdict. Rules 310 and 311, Rules of Criminal Procedure, 17 A.R.S.; State v. Bogard, 88 Ariz. 244, 354 P.2d 862 (1960); State v. Vann, 11 Ariz.App. 180, 463 P.2d 75 (1970); State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966); State v. Beardon, 99 Ariz. 1, 405 P.2d 885 (1965).

## DID THE NEWLY DISCOVERED EVIDENCE MANDATE A NEW TRIAL?

Defendant next contends that the trial court committed error in not granting a new trial based on newly discovered evidence and relies strongly upon the case of State v. McAvaney, supra, in which another judge in the same county, concerning the same informer, and for the same reasons granted a new trial. We stated in State v. McAvaney:

"The law in Arizona is that a new trial should not be granted because of newly discovered evidence if such evidence is merely cumulative, impeaching, contradictory, or would probably not have changed the verdict or findings of the court. However, this Court generally will not interfere with the trial court's exercise of its discretion in the matter of granting a new trial unless it appears affirmatively that there was an abuse of discretion, or that the trial court acted arbitrarily." State v. McAvaney, supra, 472 P.2d at 19.

Defendant, of course, may have difficulty appreciating the circumstances wherein we affirm one trial judge who holds newly discovered evidence is sufficient to grant a motion for new trial, while at the same

time we affirm another trial judge who denies a motion for new trial based on the same newly discovered evidence. That, however, is precisely the import of the rule that the motion for new trial is addressed to the discretion of the court. Only in the case of an abuse of the trial court's discretion will we disturb the decision on appeal. In the instant case, we cannot say that the new material evidence is such that we would have to find on appeal that if introduced at the trial it would "probably have changed the verdict" of the jury. Rule 310(3), Rules of Criminal Procedure, 17 A.R.S.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.