589 P.2d 1315

The STATE of Arizona, Appellant,

v.

Jesus Santa CRUZ, Appellee.

No. 2 CA–CR 1416.

Court of Appeals of Arizona, Division 2.

Nov. 16, 1978.

Rehearing Denied Dec. 27, 1978.

Review Denied Jan. 23, 1979.

1. There was no evidence that the decedent intended to revive the 1968 will. See A.R.S. Sec. 14–2509.

E. Leigh Larson, Santa Cruz County Atty. by Roberto C. Montiel, Chief Deputy County Atty., Nogales, for appellant.

Bolding & Zavala by Michael O. Zavala, Tucson, for appellee.

## OPINION

HOWARD, Judge.

Appellee was convicted by a jury of second-degree murder. His motion for a new trial was granted for several reasons. A copy of the preliminary hearing transcript which had not been admitted in evidence was inadvertently available to the jurors. An incomplete set of instructions had also been left in the room where the jury deliberated. During the jury's deliberation the trial judge entered the jury room unaccompanied by defendant, the attorneys or the court reporter and conversed with the jurors.

An appellate court will generally not interfere with the trial court's decision to grant a new trial unless the appellant can affirmatively show that there was an abuse of discretion or that the trial court acted arbitrarily. *State v. McAvaney*, 106 Ariz. 149, 472 P.2d 18 (1970). Here, appellant has the burden of showing that none of the above reasons were appropriate grounds for granting a new trial.

Rule 24.1(c), 17 A.R.C.P., provides:

"The court may grant a new trial for any of the following reasons:

\*   \*   \*   \*   \*   \*

(3) A juror or jurors have been guilty of misconduct by:

(i) Receiving evidence not properly admitted during the trial;

\*   \*   \*   \*   \*   \*"

During the deliberation one juror read aloud to the rest of the jury a portion of the preliminary hearing transcript which was not in evidence. In an affidavit submitted by the state at the hearing on the motion for new trial, that juror stated that she only read the testimony of Fernando Martinez, the eyewitness to the shooting.

Appellant contends that Martinez' testimony at the preliminary hearing only varied from his testimony at the trial in ways that favored appellee's claim of self-defense. Even if Martinez' testimony at the two proceedings had not varied at all, it would have been error to allow the jury to see the preliminary hearing transcript be-

cause it was not admitted into evidence. This error was not harmless because, while the differences between the two proceedings may have favored appellee, Martinez' testimony was on the whole detrimental.

In *United States v. Adams*, 385 F.2d 548 (2nd Cir. 1967) the jurors saw labels which were not evidence but which identified the contents of envelopes which were. Although the labels contained no information which had not come out in testimony during the trial, the court held that this required reversal, stating:

"[T]he principle that the jury may consider only matter that has been received in evidence is so fundamental that a breach of it should not be condoned if there is the slightest possibility that harm could have resulted."

On this ground alone, the trial judge was acting within his discretion in granting appellee's motion for a new trial. We need not consider whether the other irregularities were also sufficient grounds for granting a new trial.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.