592 P.2d 1305
The STATE of Arizona, Appellee,

v.

Joseph TURRENTINE and Roy Turrentine, Appellants.

No. 2 CA-CR 1588.

Court of Appeals of Arizona, Division 2.

Feb. 22, 1979.

Rehearing Denied March 14, 1979.

Review Denied April 3, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Dennis D. Jenson, Coolidge, for appellants.

## OPINION

HOWARD, Judge.

Appellants, inmates of the Arizona State Prison, were found guilty by a jury of assault with a deadly weapon, to-wit a knife, and sentenced to serve not less than 15 nor more than 20 years in the state prison. They present the following questions for review: (1) Did the trial court err in failing to grant them a new trial? (2) Have they received an improper sentence in light of the instructions and verdict rendered by the jury? (3) Was reversible error committed when the trial court refused to strike certain prospective jurors from the panel? We conclude that there was no error and affirm.

Appellants alleged in their motion for new trial that a document not admitted into evidence was found on the table in the juryroom along with other exhibits. They

contend that the matter contained in the document was prejudicial and that its presence in the juryroom mandates reversal. The trial court found that although error was committed it was not prejudicial. We agree. We start with the rule enunciated in *State v. Cruz,* 121 Ariz. 283, 589 P.2d 1315 (1978). The jury may consider only matter that has been received in evidence and any breach of this principle should not be condoned if there is the slightest possibility that harm could have resulted. However, the mere presence of the matter in the juryroom is not enough. If there is no showing that the defendant has been prejudiced by the use of such matter, the denial of a new trial is justified. *State v. Holden,* 88 Ariz. 43, 352 P.2d 705 (1960). Thus, if there is no evidence that the jury used the improper matter, there is no reversible error. *Morgan v. State,* 28 Ariz. 363, 236 P. 1112 (1925); *State v. Boag,* 104 Ariz. 362, 453 P.2d 508 (1969); 24B C.J.S. Criminal Law Sec. 1927(e) (1962).

Assuming arguendo that the document contained prejudicial material, there is absolutely no showing here that the jury read it. In their motion for new trial, appellants did not attach affidavits of any of the jurors that would have shown that they had indeed read the document. See Rule 24.-1(d), 17 A.R.C.P. Nor did appellants call any of the jurors to testify. Instead, counsel for appellants referred to a newspaper article which alleged that the foreman of the jury said that he had the document in the juryroom. Defense counsel also stated to the court that he would call the jurors, if necessary. We do not believe this is sufficient. The burden was on the appellants to demonstrate that the jury actually made use of the improper document. They did not do so and the trial court did not err in denying the motion for a new trial.

■ Appellants were indicted for assault with a deadly weapon in violation of A.R.S. Secs. 13–249(A) and (B). Both were also charged with a prior conviction of assault with intent to commit murder. The jury returned a verdict of guilty of assault with a deadly weapon, to-wit a knife. Although appellant Roy Turrentine testified and admitted the prior conviction, the trial court made no finding as to either appellant on the issue of the prior conviction. Appellants contend that under *State v. Gordon,* 120 Ariz. 172, 584 P.2d 1163 (1978) they can only be convicted of assault with a deadly weapon under A.R.S. Sec. 13–249(A) and that since they were not found guilty by the trial court of the prior conviction of assault with attempt to commit murder, the court erred in sentencing them under A.R.S. Sec. 13–249(B). We do not agree.

In *State v. Gordon,* supra, the court held that before a person may be subjected to the enhanced punishment provision of A.R.S. Sec. 13–249(B) there must be a determination that he was armed with an *inherently* dangerous weapon. The court also held that except in cases involving weapons which are inherently dangerous *as a matter of law,* the jury must find the weapon inherently dangerous before the defendant may be sentenced under subsection (B). The court in *Gordon* found there was a factual issue to be presented to the jury as to whether the knife in question, a pocket-knife, was inherently dangerous.

The weapon here was a prison-made "shank" approximately 14″ long. We hold that as a matter of law this was an inherently dangerous weapon. There was therefore no need to submit the question of its nature to the jury. The court correctly sentenced appellants under subsection (B). The minimum sentence under that subsection for a first offense is not less than five years. Although the state alleged the prior convictions, the trial court never found either appellant guilty of a prior conviction. But it did not have to do so as the sentences imposed are authorized under Sec. 13–249 for a first offense. Subsection (B) states:

"A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or other deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years . . . ."

Appellants' last contention is that the trial court erred when it refused to grant their challenge for cause as to five veniremen who ultimately served as jurors. Whether or not a challenge for cause should be sustained is within the sound discretion of the trial court. *State v. Hilliard*, 89 Ariz. 129, 359 P.2d 66 (1961). Appellants assert the trial court should have granted their challenge as to a Mr. Fountain who expressed some difficulty with the concept that a defendant does not have to testify. He ultimately stated that he *believed* he could set aside his personal feelings and follow the instructions of the court. Appellants claim his ultimate statement was not positive enough and did not state that he *would* follow the court's instructions. We do not agree. We find no abuse of the trial court's discretion.

The other four jurors had filled out a jury questionnaire offered by defense counsel in a previous criminal case. Appellants' counsel had copies of these questionnaires. Each of these jurors had answered several questions in a manner which could draw into issue his understanding of certain concepts of criminal law, such as the presumption of innocence and the right of the defendant not to testify. When defense counsel asked the panel about this questionnaire and whether any of them had responded in the affirmative to these questions, none of these four prospective jurors responded. Defense counsel did not then question them specifically about their answers to the questionnaire. Instead, he waited until the voir dire was completed and then challenged them because of the answers they gave on the questionnaire, because their memories were poor and because they were not being candid. Whether the challenge should have been sustained depends upon their responses in this case and not upon their answers to a questionnaire prepared in another case. If defense counsel wished to determine their ability to sit as jurors in this case, he should have specifically confronted them with their answers to the questionnaire. Their failure to respond to this question concerning the prior case does not necessarily lead to the conclusion he seeks to draw. The trial court did not err in refusing to sustain the challenge.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.