598 P.2d 985

**STATE of Arizona, Appellee,**

v.

**Lawrence Clyde PRICE, Appellant.**

**No. 4670–PR.**

Supreme Court of Arizona,
En Banc.

Aug. 1, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Dennis H. Gray, Tucson, for appellant.

HAYS, Justice.

The appellant, Lawrence Clyde Price, was convicted in 1978 of the sale of heroin. Since the state tried appellant on the theory of aiding and abetting, the conviction was reversed on appeal because of improper jury instructions on the issue of intent. From this ruling the state does not petition for review and we concur with that portion of the Court of Appeals opinion. The state petitioned for review, however, on the issue of whether it was error to admit evidence of a request by appellant, subsequent to the sale, for a "taste" of the heroin. We have jurisdiction pursuant to A.R.S. § 12–120.24 and hereby disapprove that portion of the opinion of the Court of Appeals, 123 Ariz. 197, 598 P.2d 1016 (1979) ruling on that evidence.

In February of 1978 undercover narcotics officers in Pima County met appellant through a person who had sold them heroin

previously. This person directed them to appellant's house. Unable to find appellant at first, they found him at home upon a return visit.

Both officers testified that appellant came out to their car, whereupon they informed him of their desire to purchase heroin. According to the officers, appellant agreed to direct them to an address where a purchase could be made. At trial appellant denied that he knew anything about any drug transaction at that point and that the officers' contact merely asked him to direct them to the home of a third party.

Upon arrival at the residence of the third party, appellant, accompanied by the original contact, entered the residence and returned shortly. According to the officers, appellant stated that the supplier was there but did not have the heroin and they would have to return later.

Additional testimony established that the officers, along with appellant and the contact, did return and that appellant and the contact entered the dwelling. The officers testified that when the two men emerged and returned to the car, appellant handed one of the officers a piece of tinfoil containing heroin.

Appellant stated that, at the request of the contact, he handed the officer a package of cigarettes, which, appellant later discovered, contained heroin in a piece of tinfoil in the plastic lining.

The narcotics officers testified that subsequent to the receipt and opening of the tinfoil, appellant and the contact asked for a "taste" of the heroin as a favor for having led them to the supplier and that they discussed future narcotics transactions. Appellant denied making such a statement or discussing future deals.

The state contends that, considering the context of events, the statement is admissible as probative of knowledge, intent, motive, and lack of mistake or accident, which are essential elements in proving a charge of aiding and abetting. Appellant counters that the statement is an admission of another crime—unlawful use of heroin—and, as

such, is highly prejudicial and not related to the crime charged; i. e., sale of a narcotic.

Rule 401 of the Arizona Rules of Evidence defines "relevant evidence":

"Relevant evidence" means evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.* (Emphasis added.)

Surely a request for a "taste" of heroin immediately following delivery of the drug is relevant to the issue of intent and motive in that it permits the logical inference that one who uses heroin is more likely to have intended to participate in the furnishing thereof in hope of receiving a portion for himself. It is for the jury to decide, ultimately, whether that fact has been established, but the request is definitely relevant and probative. *See State v. McFall,* 103 Ariz. 234, 238, 439 P.2d 805, 809 (1968); *State v. Jovenal,* 117 Ariz. 441, 442, 573 P.2d 515, 516 (App.1977).

Furthermore, rule 404(b) of the Rules of Evidence provides that evidence of other crimes, generally inadmissible, may be admitted to show intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident. Since appellant was tried for aiding and abetting, intent and knowledge are crucial to the state's case. In *State v. Tuell,* 112 Ariz. 340, 344, 541 P.2d 1142, 1146 (1975), we noted that when the state must prove intent, subsequent bad acts may be admitted to establish that element.

There was conflicting testimony as to whether appellant knew the officers wanted heroin from the outset, whether he volunteered to contact a supplier, and whether he knew the tinfoil he delivered contained heroin. Moreover, appellant did not manifest the slightest surprise that the tinfoil contained heroin, nor did he seek to disassociate himself from the transaction or express regret for having unwittingly participated in an illegal transaction. In view of the contradictory testimony, the jury was entitled to consider the statement in determining whether appellant had the requisite intent and knowledge.

Neither do we see any reason to exclude the statement simply because it occurred after the officer opened the tinfoil. Recognizing a judicially fashioned rule of evidence in *State v. Villavicencio,* 95 Ariz. 199, 201, 388 P.2d 245, 246 (1964), we said:

Evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that *proof of one incidentally involves the other or explains the circumstances of the crime.* [Citations omitted.] This principle that the complete story of the crime may be shown even though it reveals other crimes has often been termed "res gestae." [Citations omitted.] Udall has criticized the use of this term as "meaningless and confusing." [Citation omitted.] To help unconfound this confusion, we choose to refer to this as the "complete story" principle, rather than "res gestae." (Emphasis added.)

The "complete story" principle has been applied frequently in Arizona. *State v. Rivera,* 103 Ariz. 458, 460, 445 P.2d 434, 436 (1968), *cert. denied,* 395 U.S. 929, 89 S.Ct. 1790, 23 L.Ed.2d 248 (1969); *State v. Hardin,* 99 Ariz. 56, 59, 406 P.2d 406, 407 (1965).

Since the request for a "taste" was incidental to the delivery, the jury could logically have inferred that appellant's lack of surprise was due to the fact that he already knew what the packet contained, that he intended to deliver it, and that, based on his asking for a "taste," he did so with the expectation that he would receive a portion for his part in the deal.

We hold that the request for a "taste" was relevant and admissible as to the issues of intent, knowledge and motive—well recognized exceptions to the "bad acts" exclusion—as well as under the "complete story" theory.

The judgment of the trial court is affirmed as to the admissibility of the statement, reversed as to the improper jury instruction (as discussed in the Court of Appeals opinion), and the case is remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.