641 P.2d 888
**The STATE of Arizona, Appellee,**

v.

**Ruben Martin RODRIGUEZ, Appellant.**

**No. 2 CA–CR 2324.**

Court of Appeals of Arizona,
Division 2.

Dec. 23, 1981.

Rehearing Denied Feb. 4, 1982.

Review Denied March 2, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was found guilty by a jury of second-degree burglary and the court found him guilty of the allegations of prior felony convictions. Imprisonment for the pre-sumptive term of 11.25 years was imposed. Appellant seeks reversal of this conviction on two grounds: (1) Denying his challenge for cause of one juror, and (2) allowing into evidence a subsequent bad act.

Appellant contends he was denied a fair trial because of the denial of his challenge for cause of one individual. The record reflects that she was peremptorily struck and that all six peremptory challenges were used for appellant. We agree with appellant that the trial court erred in denying his challenge for cause and reversal is required.

On voir dire, the court asked whether there was anyone who had strong feelings one way or the other about burglary so "that you don't think you would be a good person to set [sic] in this case, regardless of what the evidence might be?" Ms. Romero responded that she had recently been bur-glarized, that a lot of money and jewelry had been taken, that nothing had been re-covered or the loss covered by insurance and that she was very upset about that.

The following colloquy ensued:
"THE COURT: All right.

Do you think that you feel so strongly about it that you just couldn't sit impar-tially in a case involving a man charged with burglary, without that having some bearing on your decision?

MS. ROMERO: I don't know, because I really am very upset, I still am, about it.

THE COURT: Let me ask it of ya this way: You realize that Mr. Rodriguez is to be judged only based upon the evidence presented here in court, by way of exhib-its and testimony; you understand that?

MS. ROMERO: M'hum.

THE COURT: Do ya think that ya would be able to make a decision in this case based solely upon the evidence and the exhibits, without any other influence by your previous experiences?

MS. ROMERO: I would hope.

THE COURT: If ya don't think so, say so. We don't want to take any chances.

MS. ROMERO: Well, uh, I think I would try and be fair, that would still be in the back of my mind.

THE COURT: All right."

■ In contrast to Ms. Romero, several other potential jurors who had been burglary victims in the past assured the court of their ability to be impartial and to decide the case on the evidence presented. Appellant's counsel pointed this out to the court when he challenged Ms. Romero.

We agree with appellant that his challenge should have been sustained and thus he was deprived of a panel of 20 qualified persons from which he could peremptorily strike six. *State v. Munson*, 129 Ariz. 441, 631 P.2d 1099 (1981). See *Wasko v. Frankel*, 116 Ariz. 288, 569 P.2d 230 (1977). Although the trial court's determination of a challenge for cause is reviewable only for an abuse of discretion, *State v. Reinhold*, 123 Ariz. 50, 597 P.2d 532 (1979), we believe the ruling here was such an abuse.

We do not expect a juror to speak in absolutes. *State v. Munson*, supra; *State v. Turrentine*, 122 Ariz. 39, 592 P.2d 1305 (App.1979). In *Munson* denial of challenges for cause where veniremen held opinions on interracial relationships was affirmed. The record there disclosed that the veniremen could evaluate the evidence independently of those opinions. Ms. Romero's answers, however, demonstrated that she had serious misgivings about her ability to be impartial because of her recent experiences. Under similar circumstances, the Colorado Supreme Court reversed. *Nailor v. People*, Colo., 612 P.2d 79 (1980). The court stated:

"There was no dispute here about the fact that the juror doubted she could be fair because of her recent 'bad experience.' From this clear expression of bias, it would be difficult for a trial court to assume that such a juror could render an impartial verdict. Justice would have been served by excusing this potential juror." 612 P.2d at 80.

■ Since the question will arise again on retrial, we consider appellant's contention that the court should have granted his motion in limine requesting suppression of testimony concerning another bad act. The substance of this testimony was that the victim of the instant burglary observed a man walking outside her house approximately 1½ hours after the burglary and that she decided to follow him. She observed him walking into her sister-in-law's yard in the vicinity. She immediately drove over there and saw the same man "moving something at the window." She turned her bright lights on him, whereupon he ran and hid under another vehicle parked in the yard. The police were summoned and appellant was arrested.

We agree with the state that the "complete story" principle was properly applied here and that the trial court did not abuse its discretion in allowing the testimony. It is well settled in Arizona that evidence of other criminal acts is admissible when so blended or connected with the crime of which the defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime. *State v. Price*, 123 Ariz. 166, 598 P.2d 985 (1979); *State v. Allen*, 111 Ariz. 546, 535 P.2d 3 (1975).

Reversed and remanded for a new trial.

BIRDSALL, J., concurs.

HOWARD, Judge, dissenting.

A defendant is not entitled to be tried by any particular jury, but merely by one which is fair and impartial. *State v. Thompson*, 68 Ariz. 386, 206 P.2d 1037 (1949). Furthermore, a defendant is not entitled to a perfect trial, but only a fair one. A court should be extremely careful when it creates per se rules, rules the violation of which requires no showing of prejudice. In my opinion, the court went astray in *Wasko v. Frankel*, 116 Ariz. 288, 569 P.2d 230 (1977) when it ignored prior Arizona precedent and held that a right of a party to a peremptory challenge is a substantial right and forcing a party to use a peremptory challenge to strike a juror whom the trial court should have excused for cause results in reversible error.

In *Encinas v. State*, 26 Ariz. 24, 221 P. 232 (1923), the court, in a similar situation as we have here, refused to reverse saying that the important thing is that it did not appear that an objectionable juror was forced upon the defendant. It then held

that there was no reversible error because even though the defendant had to use five of his peremptory challenges to get rid of jurors who should have been excused for cause, the record disclosed that the twelve jurors who did serve were not disqualified and there was, therefore, no prejudicial error.

When did the law change in Arizona? When *Wasko* was decided? If so, why didn't *Wasko* mention *Encinas* and overrule it? Why go to the law in other jurisdictions, as the court did in *Wasko,* when we have our own law? Ignoring *Encinas* doesn't make it go away. Cases, such as we have here, should be decided on an ad hoc basis and tested for prejudicial error. To follow *Wasko* is to engage in game-playing since appellant was tried by an impartial jury.