787 P.2d 1097

**STATE of Arizona, Appellee,**

v.

**Claude Hibert SEXTON, Appellant.**

**No. 1 CA–CR–88–1218.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 2, 1989.

Review Denied March 20, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

The appellant, Claude Hibert Sexton, was found guilty by a jury of driving while intoxicated while his license was suspended, revoked or refused. He was sentenced to 2 years imprisonment with 41 days of pre-sentence incarceration credit and ordered to pay $100 as a felony penalty assessment.

On appeal, appellant raises two issues:
(1) Did the trial court err by refusing to strike a juror for cause?
(2) Was appellant improperly sentenced as a dangerous offender?

### FACTS

The facts taken in a light most favorable to sustaining the verdict are as follows. On April 8, 1988, two cars stopped at an intersection for a red light. Appellant drove a third car into the back of the second car which in turn hit the first car. All three cars were damaged and both of the other drivers were injured.

The parties stipulated at trial that appellant was driving while his license was revoked, refused or suspended. Appellant denied that he was intoxicated at the time of the accident.

### 1. REFUSAL TO STRIKE A JUROR FOR CAUSE

During voir dire, several potential jurors expressed problems regarding serving on this case. One potential juror in particular, a Mrs. Ostrander, gave troubling responses to questions posed by counsel:

DEFENSE COUNSEL: For those of you who indicated some personal experience with DWI, particularly Mr. Gonzalez and Mrs. Ostrander, too, whom Ms. Scott was speaking with just a minute ago—would you have any personal difficulty reaching a verdict of acquittal in this case which involves a DWI, if the evidence were not sufficient to get past a reasonable doubt in your own minds.

MR. GONZALEZ: Possibly, I'm not sure.

MRS. OSTRANDER: Yes.

Mrs. Ostrander also spoke about her feelings and opinions regarding people who drink:

MRS. OSTRANDER: I don't drink. I may have an occasional wine cooler. I do have a strong opinion. Cocktails, I don't know. I think I'm pretty biased.

DEFENSE COUNSEL: Against drinking?

MRS. OSTRANDER: Yes, I am.

The trial judge posed no further questions about Mrs. Ostrander's ability to put aside her feelings and deliberate impartially. At the conclusion of voir dire, defense counsel moved to strike her for cause. The trial judge refused to dismiss her. He stated that he thought she had indicated she would follow the law and decide the case on the evidence and instructions. Mrs. Ostrander, in fact, never made such statements. Defense counsel used a peremptory challenge to strike Mrs. Ostrander. She stated on the record that had the trial judge struck this juror for cause, she would have used her peremptory challenge to strike another juror who remained on the jury. Appellant now claims that the trial judge erred by failing to remove Mrs. Ostrander for cause.

In Arizona, a challenge to a potential juror for cause is within the discretion of the trial court. Reversal is only required where there is a clear showing that the trial judge abused discretion. *State v. Rose,* 121 Ariz. 131, 139, 589 P.2d 5, 13 (1978). When a potential juror's answers demonstrate serious misgivings

about the ability to be fair and impartial, that juror should be struck for cause. *State v. Rodriguez,* 131 Ariz. 400, 641 P.2d 888 (App.1982). If a potential juror ultimately assures the trial judge that she can be fair, it is not error to refuse to strike her. *State v. Reasoner,* 154 Ariz. 377, 742 P.2d 1363 (App.1987).

 Here, the record is clear that Mrs. Ostrander never gave such assurances regarding the questions posed to her. Rather, she twice stated her misgivings regarding her bias against people who drink and her inability to be impartial. The trial judge erred in refusing to strike her for cause.

The state contends that this failure was harmless error because Mrs. Ostrander was dismissed by a peremptory challenge anyway. The state relies on *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), for the proposition that a peremptory challenge is not a federal constitutional right. In this view an erroneous refusal to strike a potential juror for cause does not invalidate the conviction as long as the jurors who heard the case were impartial. Under *Ross,* as long as there is no "suggestion" that any of the jurors who actually heard the case were biased, the error does not abridge the accused's right to an impartial jury under the Sixth and Fourteenth Amendments. In interpreting Oklahoma law, that Court also held that the error there did not abridge the accused's Fourteenth Amendment right to due process by reducing the full complement of peremptory challenges allowed by state law, since Oklahoma law requires a defendant to use a peremptory challenge to cure a trial court's refusal to remove a juror for cause.

Our case differs from *Ross.* Unlike Oklahoma, Arizona law does not require a defendant to use peremptory challenges to cure a trial court's erroneous refusal to strike a juror for cause. The rule in Arizona is that the right to peremptory challenges is so substantial that forcing a party to use a peremptory challenge to strike potential jurors who should have been stricken for cause denies the litigant a sub-

stantial right. *Wasko v. Frankel,* 116 Ariz. 288, 569 P.2d 230 (1977); *State v. Thompson,* 68 Ariz. 386, 206 P.2d 1037 (1949). Thus, the trial court's error in refusing to strike Mrs. Ostrander for cause was not harmless error.

**2. SENTENCING AS A DANGEROUS OFFENDER**

 Appellant was sentenced under A.R.S. § 13–604 as a dangerous offender for his use of a dangerous instrument, his car. The Arizona Supreme Court has held that an automobile cannot be characterized as a dangerous instrument in a prosecution for driving while intoxicated because it is a defining element of the crime charged, i.e., aggravation needs to be something beyond the definition of the crime. *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989). The state concedes error which would require resentencing. Our reversal on the issue of jury selection moots that remedy.

For the foregoing reasons, the conviction is reversed and this matter remanded to the trial court with directions to grant appellant a new trial.

FIDEL, P.J., and EUBANK, J., concur.