826 P.2d 1210

**STATE of Arizona, Appellee,**

v.

**Federico Lico HUERTA, Appellant.**

**No. 1 CA–CR 89–1620.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 24, 1991.

Review Granted April 7, 1992.

Grant Woods, The Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Michael J. Burke, La Paz County Public Defender, Parker, for appellant.

## OPINION

VOSS, Judge.

Defendant Federico Lico Huerta appeals from the judgments of conviction and sentences imposed following his conviction by a jury for two counts of molestation of a child, both class two dangerous crimes against children. The defendant was sentenced to consecutive, presumptive terms of seventeen years imprisonment.

## FACTS

The facts relevant to this appeal are as follows. Defendant was charged with molesting his seven year old niece and his eight year old half sister. Both victims were interviewed on videotape by a social worker and physically examined by a pediatrician. Two months prior to the trial the state filed a notice of intention to introduce hearsay statements of both victims through the use of the videotapes and testimony of various witnesses. Defendant objected to the introduction of the videotapes and testimony from the social workers who conducted the videotaped interviews, only on the grounds that this evidence would be cumulative. Defendant did not object to the testimony of other witnesses to whom the victims had spoken. Defendant also moved to preclude any expert testimony regarding the credibility of child molestation victims in general, and these victims in particular. The state conceded that such testimony would be an improper subject for examination. The trial court decided to admit both the videotape and the testimony of the social workers.

During jury selection, one prospective juror repeatedly expressed his opinion that the defendant was probably guilty because he was charged with two counts of molestation involving two victims. In direct response to the court's question regarding whether he could be fair and impartial, the juror responded:

Juror: Not with two counts being alleged against him by two different victims, sir.

Court: Is that—is that the only reason that you indicate.

Juror: Depends on what's presented by Mr. Duprey and that. I don't feel that I can.

The judge did not attempt to rehabilitate the juror regarding his lack of impartiality. The trial court denied defendant's challenge for cause. Defendant utilized a peremptory challenge to strike this juror from the panel. The record indicates that both the prosecution and defense used all of their peremptory challenges. However, there is no indication in the record nor is it argued that the defendant, for lack of a peremptory challenge, was forced to leave any juror on the panel whom he wanted removed. Defendant does not argue that the jury that convicted him was not fair and impartial.

At trial, the state presented testimony from the two social workers. One testified she found that one of the victims was a credible witness. The trial court sustained the defendant's objection and instructed the jury to disregard the testimony about credibility. The prosecutor asked the witness to refrain from such commentary. Both social workers testified, over defendant's objection, regarding the differences between stories that are based on a child's experience and those that a child makes up.

Both social workers testified in general clinical terms about some of the abuse incidents reported to them by the victims during their interviews. The videotapes of

these interviews were played for the jury over defendant's objection.

Both victims had difficulty testifying at trial. One of the victims was able to establish the times and places for two incidents of sexual abuse. The second victim was able to establish some of the details of one of the alleged incidents, but could not be specific.

Defendant raises the following issues on appeal:

1) Was it reversible error for the trial court to refuse to strike the challenged juror for cause?

2) Does the admission of expert testimony regarding the quality of children's statements in general, and the credibility of the victims here, require reversal?

3) Did the court properly admit the social workers' testimony regarding the victims' hearsay statements?

## DISCUSSION

*Juror Challenge*

■ Defendant contends that the trial court erred by refusing to strike the challenged juror for cause. The determination regarding a challenge for cause is left to the sound discretion of the trial judge, whose decision should not be disturbed absent a clear showing of abuse. *State v. Comer,* 165 Ariz. 413, 426, 799 P.2d 333, 346 (1990), *cert. denied,* — U.S. —, 111 S.Ct. 1404, 113 L.Ed.2d 460 (1991).

■ Here, the challenged juror expressed his feeling that he could not be a fair and impartial juror in view of the presence of two separate counts involving two different victims. Although the judge set forth his belief that the juror was concerned with evidentiary criteria that could be explained in the court's instructions, he never confirmed that this was the juror's concern, nor did he get any assurances of impartiality. Therefore, we find that the court's denial of defendant's challenge for cause was clearly an abuse of discretion. This, however, does not end our inquiry.

■ Defendant contends that reversal is required, relying on *State v. Sexton,* 163

Ariz. 301, 787 P.2d 1097 (App.1989), *rev. denied* (March 20, 1990). The *Sexton* decision, relying on *Wasko v. Frankel,* 116 Ariz. 288, 569 P.2d 230 (1977), held that forcing a party to use peremptory challenges to strike jurors who should have been stricken for cause denies a litigant a substantial right and is not harmless error. The continued viability of *Wasko,* however, is questionable in view of the more recent decision by our supreme court in *State v. Chaney,* 141 Ariz. 295, 686 P.2d 1265 (1984).

In *Chaney,* the supreme court found that the trial judge had not abused his discretion in refusing to strike the challenged juror for cause. *Id.* at 303, 686 P.2d at 1273. However, the court went on to say, "[w]e also note that Chaney has not indicated whether there was a petit jury member whom he would have excused peremptorily but could not because he had used a peremptory strike to excuse the juror who made the statement." *Id.*

Justice Corcoran, specially concurring, also recently questioned the validity of the premise behind the *Wasko* and *Sexton* decisions that the erroneous failure to strike a juror for cause can never be harmless. *Comer,* 165 Ariz. 413, 799 P.2d 333. In *Comer,* the majority held that the refusal to strike two jurors for cause was not an abuse of discretion. Justice Corcoran believed it was an abuse of discretion, but was harmless error, because the defendant used his peremptory challenge to strike the two jurors, and there was no claim that any of the twelve sitting jurors could not be fair and impartial. As capsulized by Justice Corcoran, the defendant is entitled to no more than a fair trial by an impartial jury, and his failure to show that he received anything less makes the error harmless. *Id.* at 431, 799 P.2d at 351. The United States Supreme Court has likewise held that a defendant's right to an impartial jury is not violated when defendant is forced to use a peremptory strike to dismiss a juror who should have been dismissed for cause, as long as the jurors who remain are impartial. *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).

In *Sexton,* we note that the defendant's attorney established that the defense was forced to accept a juror that he would have peremptorily struck had the judge properly granted the challenge for cause. 163 Ariz. at 302, 787 P.2d at 1098. Here, there is no such evidence. Defendant does not claim that he was forced to leave an objectionable person on the jury that decided his guilt. We hold that the court's failure to strike the challenged juror does not warrant reversal.

*Credibility Testimony*

■ Defendant contends that the trial court erred by allowing expert testimony regarding the victims' credibility. An expert witness may not testify regarding the credibility, accuracy or reliability of a particular victim, or of a particular type of victim being considered by the jury. *See State v. Lindsey,* 149 Ariz. 472, 475, 720 P.2d 73, 76 (1986); *see also State v. Moran,* 151 Ariz. 378, 728 P.2d 248 (1986).

■ Here, the court instructed the jury that the evidence would consist of testimony and exhibits. The court told the jury that if testimony is ordered stricken from the record, they are not to consider such testimony as evidence. The testimony that defendant complains of on this appeal was stricken from the record upon defense counsel's objection. No motion for mistrial was made as a result of the stricken testimony, nor is it likely that one would have been granted. It is within the trial court's province to determine the influence of an unresponsive answer on the jury. *See e.g., State v. Bailey,* 160 Ariz. 277, 279, 772 P.2d 1130, 1132 (1989). In this case, the trial court and apparently the defense were both satisfied that the striking of the testimony, accompanied by the standard preliminary and final instructions, was sufficient. We agree.

■ Defendant also contends that the trial court erred by allowing expert testimony regarding the quality of statements made by child sexual abuse victims in general. As this court has previously said, "the average person doesn't need the opinion of an expert to know that clarity, certainty, consistency, and plausibility are all touchstones of veracity and that the appearance and manner of that person who is relating a story may be a key to that person's truthfulness." *State v. Tucker,* 165 Ariz. 340, 347–48, 798 P.2d 1349, 1356–57 (App.1990). Reversal, however, is not necessary on this point alone. *Id.* Neither expert in this case was asked to relate general credibility factors to the specific facts of her interview with a victim. *Id.* at 350, 798 P.2d at 1359. Nor did either expert testify that the victims' statements were consistent with a crime having occurred. *Id.* at 349, 798 P.2d at 1358. Nor did the experts give any statistics or percentages regarding how many reported sexual abuse victims are found to have been telling the truth. *See Lindsey,* 149 Ariz. at 474, 720 P.2d at 75. Therefore the expert testimony at issue here, if erroneously admitted, is not reversible error. *See Tucker,* 165 Ariz. at 348, 798 P.2d at 1357.

*Admission of Hearsay*

■ Pursuant to Rule 803(24), Arizona Rules of Evidence, both social workers were allowed to testify regarding the victims' statements and the videotapes of those interviews were shown to the jury.

Defendant contends that the court erred by admitting the social workers' testimony as it was the type of corroborative testimony prohibited in *State v. Martin,* 135 Ariz. 552, 663 P.2d 236 (1983). We disagree. In *Martin* the victim testified regarding the episodes of molestation, as did her teacher, a police officer, a detective, a psychologist and a pediatrician. The court held that the victims' statements, as recounted by the other witnesses, were improperly admitted under Rule 801(d)(1)(B) and that the admission was not harmless error because "it cannot be said beyond a reasonable doubt that the parade of corroborating witnesses had no influence on the jury's deliberations...." *Id.* at 555, 663 P.2d at 239.

First, we note that the trial court did not admit the social workers' testimony pursuant to 801(d)(1)(B). The trial court relied on 803(24) which provides that a statement, otherwise precluded as hearsay but having

circumstantial guarantees of trustworthiness, is admissible if: 1) it is evidence of a material fact; 2) it is more probative on the point than other evidence; and, 3) admission of the evidence will serve the interests of justice. Our supreme court has held that:

> the admissibility of hearsay statements by alleged child victims under the residual exceptions to the hearsay rule requires an analysis of reliability to determine whether the circumstances of each case provide 'guarantees of trustworthiness' equivalent in quality, if not in kind, to the guarantees provided by the specific exception to the rules.

*State v. Robinson*, 153 Ariz. 191, 202–3, 735 P.2d 801, 812–13 (1987). The court rejected a "mechanistic" approach and held that the evidence must be "reliable within the spirit rather than the letter of Rules [803 and 804] and thus allows for judicial discretion to accommodate unusual situations not foreseen by the drafters of the rules.... The inquiry focuses on the quality—in terms of reliability—of the evidence offered under the residual exceptions."

The trial court here made specific findings that, although not spontaneous, the victims' statements were consistent, displayed unusual knowledge of intimate sexual acts, were corroborated by physical evidence of abuse, and that neither the victims nor the social workers appeared to have a motive to lie. The court below also specifically found that the victims' hearsay statements were evidence of material facts, that they were more probative than any other available evidence, and that the general purpose of the rules and the interest of justice would be served by admitting this evidence. *See* Rule 803(24).

The record as a whole supports the trial court's findings. In their out of court statements, the victims described sexual intercourse and ejaculation; the examining physician found abrasion type trauma consistent with molestation on both victims; and, there is no evidence that either social worker had a motive to lie. We find that the social workers' statements are sup-

ported by particularized "guarantees of trustworthiness."

The other requirements of Rule 803(24) are also satisfied here. First, the victims' statements regarding the incidents of molestation are undoubtedly evidence of material facts. The rule also requires that hearsay evidence admitted pursuant to 803(24) be more probative than other available evidence. This court has recently held when "the trial court determines that the alleged victim of child abuse is unable or unwilling to testify fully, whether by reason of age, experience, or emotional state, hearsay evidence may be more probative within the meaning of rule 803(24) than that available from the declarant." *State v. Thompson*, 167 Ariz. 230, 234, 805 P.2d 1051, 1055 (App.1990). Here, the victims, ages eight and nine, testified with great difficulty. One of the victims did not respond to many questions and had to be lead through her testimony. The other victim had to stop testifying to calm down on one occasion. Thus, for the purposes of rule 803(24) the victims were unable to testify and their out-of-court statements were more probative than their testimony. As noted by the supreme court "common sense suggests that [s]ome of the most powerful potential evidence ... lies in the child's prior out-of-court statements. When a child first reveals that there has been sexual abuse, the content and manner of the revelation is often striking in its clarity and ring of truth." *Robinson*, 153 Ariz. at 202, 735 P.2d at 812. Finally, admission of this type of reliable, material and probative evidence will serve the interests of justice. *Id.* Thus, we find that the trial court did not abuse its discretion in admitting the social workers' testimony pursuant to Rule 803(24).

■ Moreover, any error in admitting the hearsay statements at issue would have been harmless. On appeal defendant objects only to the admission of the social workers' testimony. He does not appeal the admission of the video taped interviews. The social workers testimony capsulized the contents of the video tapes. The jurors saw each tape and were able to

form their own opinions regarding the victims' statements. Thus we cannot say that the social workers' testimony prejudiced the defense, as the jury saw the complete interview immediately after each social worker testified.

Nor is this the type of cumulative evidence condemned in *State v. Martin*, 135 Ariz. 552, 663 P.2d 236 (1983). In *Martin* the court condemned the "parade of corroborating witnesses...." The social workers' testimony was corroborated only by the video tapes, not by a "parade" of witnesses. The defendant never objected to the testimony of the other witnesses regarding prior out-of-court statements made by the victims.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. For all of the foregoing reasons, the convictions and sentences imposed are affirmed.

TAYLOR, P.J., and KLEINSCHMIDT, J., concur.