859 P.2d 769

**STATE of Arizona, Appellee,**

v.

**Darrell Eugene BINGHAM, Appellant.**

**No. 1 CA–CR 92–1087.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 5, 1993.

Redesignated as Opinion and
Publication Ordered Sept. 23, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for appellant.

OPINION

LANKFORD, Judge.

Defendant has appealed from his conviction for driving under the influence with a suspended license, a class 5 felony. He argues that it was error to force him to exhaust a peremptory strike of a venire person when the record showed sufficient

---

* NOTE: Judge Frank T. Galati, Maricopa County Superior Court, was authorized to participate in the disposition of this matter by the Chief Jus-tice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

bias to require that the prospective juror be discharged for cause. We agree and therefore reverse.

During jury selection, a member of the panel revealed that he was predisposed to favor the testimony of police officers over that of others who appear equally credible. The trial court later denied defendant's motion to strike the panelist for cause, forcing defendant to utilize one of his peremptory challenges to remove this member of the panel. The record suggests that defendant exhausted all of the peremptory challenges allotted to him by law.

Two police officers testified at trial. One of them testified that he had observed defendant exhibit symptoms of intoxication. This evidence was especially important because defendant had refused a breathalyzer test.

The jury found defendant guilty and he appealed.

We hold that the trial court erred in refusing to excuse the venire person for cause. Rule 18.4(b) of the Arizona Rules of Criminal Procedure requires that the trial court "shall excuse" a juror "[w]hen there is reasonable ground to believe that [the] juror cannot render a fair and impartial verdict...."

A juror is not impartial and should be excused for cause when the juror indicates a predisposition for or against a party or witness. In *State v. Sexton*, 163 Ariz. 301, 302–03, 787 P.2d 1097, 1098–99 (App. 1989), we reversed a conviction for driving under the influence with a suspended license because the trial court failed to follow Rule 18.4(b) by excusing a juror with an admitted bias against drinking alcohol. "When a potential juror's answers demonstrate serious misgivings about the ability to be fair and impartial, that juror should be struck for cause." *Id.*

A juror's inclination to credit the testimony of police officers more than other witnesses is grounds for dismissing the juror. Although no Arizona appellate court has yet had occasion to squarely so hold, our supreme court's agreement with that proposition is clearly implied in *State v. Brierly*, 109 Ariz. 310, 320, 509 P.2d 203, 213 (1973). The court reasoned that "[a]lthough the juror's responses to the initial questioning by Brierly's attorney appeared prejudicial, his neutrality was clearly reestablished by his responses to the court's explanation of the role of jurors and their duties in weighing the credibility of witnesses in general." [1] Most courts hold that responses to voir dire similar to that involved here require that the prospective juror be excused for cause. *E.g., Uptain v. State*, 534 So.2d 686, 687–88 (Ala.Cr.App. 1988); *State v. White*, 574 So.2d 561, 562–63 (La.App.1991); *State v. Draper*, 675 S.W.2d 863 (Mo.1984); *Commonwealth v. Ingber*, 516 Pa. 2, 531 A.2d 1101, 1103–05 (1987).

Although a venire person who initially appears prejudiced can be "rehabilitated" by further inquiry establishing that the panelist can be an unbiased juror, *see State v. Brierly*, 109 Ariz. at 320–21, 509 P.2d at 213–14, the trial court made no further inquiry in this case. The record thus shows unrebutted evidence of prejudice sufficient to require removal from the jury panel.

This error requires reversal. In *State v. Huerta*, 175 Ariz. 262, 855 P.2d 776 (1993), *rev'g* 170 Ariz. 584, 826 P.2d 1210 (App. 1991), the court held that the denial of a challenge for cause was reversible error.

For these reasons, we reverse the judgment of conviction and remand for a new trial.

VOSS, P.J., and GERBER, J., concur.

---

**1.** *State v. Brosie*, 24 Ariz.App. 517, 521, 540 P.2d 136, 139 (1975) is not to the contrary. Like *Brierly, Brosie* is a case in which the impartiality of the prospective juror was established after further questioning. In *Brosie* the juror said he thought police officers generally had better access to the facts than others, but promised to assess each witness on the facts and to follow the court's instructions on witness credibility.