893 P.2d 764

STATE of Arizona, Appellee,

v.

Ronald W. SMITH, Appellant.

No. 1 CA–CR 92–1212.

Court of Appeals of Arizona, Division 1, Department D.

April 11, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Div., and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Law Firm of John W. Rood, III by John W. Rood, III, Phoenix, for appellant.

## OPINION

FIDEL, Presiding Judge.

Defendant Ronald Smith was indicted on six counts of child molestation, convicted by a jury on four of the six counts, and sentenced to four consecutive 17–year sentences. Defendant raises two issues on appeal, both of which we resolve by deferring to discretionary rulings by the trial court. We hold first that the trial court did not abuse its discretion in concluding that a prospective juror need not be struck for cause, and second that the trial court did not abuse its discretion in concluding that prosecutorial misconduct did not warrant a new trial.

## JURY SELECTION

During jury selection, the trial court asked prospective jurors if any close friends or relatives had been crime victims. One replied that her daughter had been assaulted while jogging and had suffered a broken nose, but "managed to get away from him before being sexually assaulted." The court inquired:

Q: Would that cause you any difficulty sitting here to be fair and impartial sitting on this case?

A: It might.

Q: Can you articulate that? As you sit here, do you have any preconceived opinion one way or another about anything you may find so you could not listen to the evidence?

A: I don't think so.

Q: Listen to my instruction and ultimately make some determination, whatever it might be?

A: I think I could be fair. Your emotions enter into anything.

Defendant moved to strike the juror for cause, arguing that she had expressed unresolved reservations about whether she could be fair. The court denied the motion. Defendant used one of his peremptory challenges to strike the juror and stated on the record the name of the juror against whom he would have used his peremptory challenge had the first juror been struck for cause.

A prospective juror should be struck for cause "when a juror's answers demonstrate that he has serious misgivings about his ability to be a fair and impartial juror." *State v. Reasoner*, 154 Ariz. 377, 384, 742 P.2d 1363, 1370 (App.1987). An appellate court may overturn the trial court's refusal to strike a juror only if the trial court has abused its discretion. *State v. Comer*, 165 Ariz. 413, 426, 799 P.2d 333, 346 (1990). We have reversed trial courts where jurors have expressed specific prejudices that would directly affect their ability to render impartial decisions.[1] Under Rule 18.4(a), Arizona Rules of Criminal Procedure, 17 Arizona Revised Statutes Annotated ("A.R.S."), the party challenging the jury panel "has the burden of showing that the panel's selection constituted or was the result of a 'material departure from the requirements of law.'" *State v. Greenawalt*, 128 Ariz. 150, 167, 624 P.2d 828, 845 (1981).

The record in this case is susceptible to different interpretations. The juror's final remark can be construed on paper as a hesitant and equivocal statement, conveying an unresolved doubt that she could render an impartial decision. But it can also be construed as an assurance that she could be fair and overcome inevitable emotions. What the juror actually conveyed in the moment of speaking is so dependent on demeanor and intonation as to be inaccessible to a reviewing court. Thus, this is a paradigm case for deference to the trial judge, who had the opportunity to see and hear her speak.[2] *See Comer*, 165 Ariz. at 426, 799 P.2d at 346; *Reasoner*, 154 Ariz. at 384, 742 P.2d at 1370.

We do not suggest that whenever a juror utters the words, "I think I can be fair," the trial judge should deny a motion to strike for cause. These issues are not to be resolved by "magic words." Nor do we suggest that, in order to avoid granting challenges for cause, trial judges should employ leading questions to prod doubt-ridden jurors to weakly pledge to attempt to be fair. The trial court did not make such an effort here. We merely recognize that this juror's remarks, as they emerge from a bare transcript, are susceptible to either of two interpretations; because the trial judge was better able to determine the juror's true meaning from her delivery, we affirm his decision not to strike for cause.[3]

## PROSECUTORIAL MISCONDUCT

During closing arguments, the prosecutor[4] wrote the statement "defense counsel is a liar" on an easel pad. She also stated, "In this particular case, there is [sic] two people who are lying. First of all, defense counsel, he told you over and over—" Defendant objected, and the court promptly instructed the jury that defense counsel had not lied. There the matter rested until defendant's motion for new trial, when defense counsel alleged that, despite the trial court's ruling,

1. For example, we have found it necessary to strike jurors who believed police officers to be more credible than others, *State v. Bingham*, 176 Ariz. 146, 147, 859 P.2d 769, 770 (App.1993); who believed that the charge alone showed the defendant's guilt, *State v. Huerta*, 170 Ariz. 584, 585, 826 P.2d 1210, 1211 (App.1991), *rev'd on other grounds*, 175 Ariz. 262, 855 P.2d 776 (1993); and, in a case involving alcohol, who expressed bias against those who drink, *State v. Sexton*, 163 Ariz. 301, 303, 787 P.2d 1097, 1099 (App.1989).

2. The French words "voir dire," which we use to describe the process of jury selection, mean literally "to see to speak."

3. We acknowledge that *State v. Rodriguez*, 131 Ariz. 400, 641 P.2d 888 (App.1981), in which this court reversed the trial court's failure to strike a prospective juror, is similar to this case. It is, however, distinguishable because in *Rodriguez* the juror herself was a recent victim of the same crime and her remarks to the court were more clearly equivocal than those made by the juror in this case.

4. The State has a different lawyer on appeal.

the prosecutor had left her written statement visible on the easel pad throughout her closing arguments. Defense counsel had not brought this matter to the trial court's attention during closing argument, however, nor did he offer proof to support his allegation in the motion for new trial.

After taking the motion under advisement, and without consulting or including counsel, the trial court contacted the jury foreman to inquire whether the prosecutor's writing had remained visible throughout closing arguments. The court informed counsel that, according to the foreman's recollection, the prosecutor had turned the page and covered the writing immediately after the court's intervention, and the writing "had no impact on the jury deliberations."

The trial court denied the motion for new trial. Observing that "calling defense counsel a liar is unprofessional," the court concluded that defense counsel's objection and the court's immediate instruction to the jury had neutralized any prejudicial effects. The court added that, by not promptly advising the court of his concern that the writing remained visible, defense counsel had deprived the court of the opportunity to take further remedial action.

Defendant argues that both the trial court's failure to grant the motion for new trial and the court's ex parte communication with the jury foreman constitute reversible error. We disagree.

■ The trial court indeed erred when it initiated ex parte communication with the jury foreman. Rule 24.1(d), Arizona Rules of Criminal Procedure, permits the court to "receive the testimony or affidavit of any witness, including members of the jury," to assess the validity of a verdict, but does not give the court inquisitorial power to gather such evidence on its own. *Cf. State v. Koch,* 138 Ariz. 99, 106–07, 673 P.2d 297, 304–05 (1983) (a trial court errs by communicating with the jury without first providing notice to the parties). Moreover, had the court properly inquired, with participation by counsel, whether the prosecutor's statement was visible to or discussed by the jury, the court could not have entertained further evidence on the question whether the prosecutor's statement influenced or affected the jury. Rule 24.1(d) proscribes evidence concerning "the subjective motives or mental processes which led a juror to assent or dissent from the verdict."[5] *See also* Ariz.R.Evid. 606(b), 17A A.R.S.

That the trial court erred, however, does not mean that its error requires reversal. In *Perkins v. Komarnyckyj,* 172 Ariz. 115, 834 P.2d 1260 (1992), our supreme court granted a new trial because, in the trial court's ex parte communication with the jury, the trial court incorrectly explained the law. *Id.* at 120, 834 P.2d at 1265. The court recognized, however, that in some cases such communication might be harmless error. *Id.* In this case, unlike previous cases, the ex parte communication occurred *after* the verdict and, thus, could not have affected the verdict. Nor did the trial court block or frustrate any independent effort by counsel to gather evidence. We therefore find the communication harmless and turn to the question whether the prosecutor's comments warrant a new trial.

■ Our standard of review is deferential. Absent patent error, we defer to the trial court's determination whether prosecutorial misconduct is so prejudicial as to require a new trial. *State v. Hansen,* 156 Ariz. 291, 297, 751 P.2d 951, 957 (1988). We agree that the prosecutor's spoken and written remarks were grossly inappropriate. The trial court promptly intervened, however, and was better able than we to determine whether its corrective action neutralized the prejudicial effects of the spoken remarks.

---

5. Rule 24.1(d), Arizona Rules of Criminal Procedure, provides in full:

d. Admissibility of Juror Evidence To Impeach the Verdict. Whenever the validity of a verdict is challenged under Rule 23.1(c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, which relates to the conduct of a juror, official of the court, or third person. No testimony or affidavit shall be received which inquires into the subjective motives or mental processes which led a juror to assent or dissent from the verdict.

As for defense counsel's post-trial allegation that the prosecutor left her written comment visible on the easel pad, that objection was too little and too late. Too late because, if counsel knew at trial that the comment remained visible, he should have voiced a further objection. This trial court was obviously disposed, if told of the problem, to take whatever remedial measures were required. Too little because, even if counsel did not learn till after trial that the writing remained visible, he was obliged to submit some evidence on the point. Counsel neither submitted evidence nor requested an evidentiary hearing to support his allegation that the writing remained visible to the jury. In the absence of such evidence, we have no basis to set aside the trial court's conclusion that its prompt remedial instruction to the jury and implicit rebuke to the prosecutor sufficed to remove the sting of the prosecutor's remark.

We have reviewed the record for fundamental error and found none. Defendant's convictions and sentences are affirmed.

GRANT, J., concurs.

GERBER, Judge, concurring and dissenting.

I respectfully dissent because in my view the trial court's denial of the defense motion to strike the juror for cause constitutes reversible error. I agree wholeheartedly with the majority that the prosecutor's personal attack on defense counsel as a liar is grossly unprofessional.

When a juror's remarks indicate misgivings about impartiality, that juror should be struck for cause. *State v. Rodriguez,* 131 Ariz. 400, 402, 641 P.2d 888, 890 (App.1981). Challenging a juror for bias is a substantial right. *State v. Thompson,* 68 Ariz. 386, 389–92, 206 P.2d 1037, 1039–40 (1949). Reversible error results from failure to strike a juror for bias even when a peremptory challenge is later used to strike the juror. *State*

*v. Bingham,* 176 Ariz. 146, 147, 859 P.2d 769, 770 (App.1993).

The situation here mirrors that in *Rodriguez* where a juror was asked by the court during voir dire whether she had strong feelings about the charged crime, a burglary. The juror, who had recently been burglarized, responded "I don't know, because I really am very upset, I still am, about it." Then when asked whether she would be able to set aside "any other influence [due to] previous experiences," she answered "I would hope." She then added: "I think I would try and be fair, [but] that would still be in the back of my mind." *Rodriguez,* 131 Ariz. at 401–02, 641 P.2d at 889–90. Failure to strike her for this admission constituted reversible error.

Here, as in *Rodriguez,* the juror initially disclosed misgivings about her ability to be impartial ("it might cause [me] difficulty") and ended the court's rehabilitative effort by volunteering her inability to escape her emotional response to the crime ("[y]our emotions enter into anything"). This response clearly implies, at least to me, that her emotions from her own victimization would continue to impede her effort to be fair and impartial. Notably, her responses to the court's rehabilitative efforts were wholly off the mark and evaded the precise questions put to her.

Because this juror's statements demonstrated a real impairment of her ability to be impartial, the failure to strike her is harmful error. I would reverse Smith's convictions and remand for a new trial.