NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DIAMORRIO REED, *Appellant*.

No. 1 CA-CR 16-0792
FILED 8-10-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-002039-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green PLLC, Tempe
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Maria Elena Cruz and Retired Judge Patricia A. Orozco[1] joined.

---

**J O N E S**, Judge:

¶1　　　　Diamorrio Reed appeals his convictions and sentences for two counts of sexual conduct with a minor, one count of kidnapping, and one count of sexual abuse, arguing the trial court abused its discretion in denying his motion to strike the entire jury panel for cause due to a potential juror's emotional outburst that occurred during *voir dire*. For the following reasons, we affirm.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2　　　　In December 2014, Reed was charged with two counts of sexual conduct with a minor, one count of kidnapping, and one count of sexual abuse, arising out of events occurring in 2002. Trial was held in October and November 2014. In the course of *voir dire*, the trial judge asked potential jurors whether "there [was] anything about the nature of this case that would make it difficult for . . . [them] to serve as a fair and impartial juror." Prospective Juror 78 responded affirmatively, stating:

> [In] December of 2013 my husband was killed by a hit and run, and the justice system didn't — wasn't fair. And I think anyone who is guilty and says they're not guilty, I would not be fair. I want them all that are guilty to hang, which should

---

[1]　　　The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Sections 3 and 20, of the Arizona Constitution.

[2]　　　"We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdicts." *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005) (citing *State v. Riley*, 196 Ariz. 40, 42, ¶ 2 (App. 1999)).

be killed the same way or whatever they did, the same thing done to them.

. . .

It was just a week ago. Seventeenth was when this, when the jury let the guy walk. So I'm very angry with the justice system right now, and I think people who are guilty should pay for what they've done.

She then expressed her belief that if the State had enough evidence to go to trial, the defendant must be guilty. On follow-up, Prospective Juror 78 reiterated her frustration that guilty people do not always get convicted and affirmed "they should pay for what they've done and not be able to walk out." Prospective Juror 78 was later stricken for cause.

¶3　　　　Reed then moved to strike the entire jury panel for cause based upon the emotional answers given in open court, fearing the statements' impact upon the remaining jurors before they even had a chance to hear evidence. The State opposed the motion, noting that "[j]ust because . . . the [potential] jurors were emotional when they responded to certain questions does not mean necessarily that anybody on the panel was tainted."

¶4　　　　The judge acknowledged "there were some greater emotions" in this case than typically seen in jury selection. However, rather than strike the entire panel, he indicated his inclination to explore, through additional questioning of the remaining jurors, whether they had actually been affected by Prospective Juror 78's remarks. Defense counsel did not agree further questioning would resolve the issue but did not object to the additional questioning.

¶5　　　　In exploring the issue, the trial judge was careful not to reference Prospective Juror 78's comments specifically; rather, the judge asked the remaining potential jurors:

We have had some jurors who have given some very strong opinions, or who have had some emotional reactions to some of the questions that have been asked today. My question for you is, are any of you going to be affected by either the strong opinion or the emotional reaction that a juror earlier today might have given that might cause you to be unable to be fair and impartial?

3

None of the remaining jurors responded, and the trial court denied Reed's motion to strike.

**¶6** Reed was ultimately convicted as charged and sentenced to a total of eighty-eight years' imprisonment. Reed timely appealed, and this Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7** Reed argues the trial court erred by not striking the entire jury panel. Reed asserts Prospective Juror 78's comments tainted the entire panel of prospective jurors, making it impossible to receive a fair trial in violation of his due process rights.

**¶8** Arizona Rule of Criminal Procedure 18.4(a) provides that "[e]ither party may challenge the panel on the ground that in its selection there has been a material departure from the requirements of law." In doing so, the party challenging the panel must show either that the jury was unlawfully empaneled or that the jurors could not be fair and impartial. *See State v. Greenwalt*, 128 Ariz. 150, 167 (1981); *see also* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."); Ariz. Const. art. 2, § 24 ("In criminal prosecutions, the accused shall have the right to . . . have a speedy public trial by an impartial jury."). We review a ruling on a motion to strike a jury panel for an abuse of discretion. *See State v. Glassel*, 211 Ariz. 33, 45, ¶ 36 (2005) (citing *State v. Carlson*, 202 Ariz. 570, 579, ¶ 29 (2002)). The trial court is in the best position to assess the impact of a prospective juror's comments on others. *State v. Doerr*, 193 Ariz. 56, 62, ¶ 23 (1998). Therefore, we will not find an abuse of discretion "unless the record affirmatively shows that . . . a fair and impartial jury was not secured." *State v. Lujan*, 184 Ariz. 556, 560 (App. 1995) (quoting *State v. Arnett*, 119 Ariz. 38, 50 (1978)).

**¶9** We do not find fault with Reed's characterization of Prospective Juror 78's comments as provocative, biased, inflammatory, and inconsistent with Reed's constitutional right to a presumption of innocence. But "[u]nless there are objective indications of jurors' prejudice, we will not presume its existence." *State v. Tison*, 129 Ariz. 526, 535 (1981). Reed does not identify any objective evidence of prejudice. None of the remaining

---

[3] Absent material changes from the relevant date, we cite a statute's current version.

panel members displayed any emotional reaction or otherwise responded to Prospective Juror 78's diatribe. Moreover, no juror ultimately empaneled indicated an inability to be fair and impartial, even after having been present during Prospective Juror 78's comments and observing her emotional reaction. "Although the court should remove for cause any juror who expresses serious misgivings about the ability to be fair and impartial" — just as the trial court did here with Prospective Juror 78 — the court need not remove jurors who otherwise indicate they can be fair and impartial. *State v. Blackman*, 201 Ariz. 527, 533, ¶ 12 (App. 2002) (citing *State v. Smith*, 182 Ariz. 113, 115 (App. 1995), and *State v. Reasoner*, 154 Ariz. 377, 384 (App. 1987)).

**¶10**        "Excusing jurors is within the sound discretion of the trial court, and its actions will not be disturbed absent 'a clear and prejudicial abuse of that discretion.'" *Lujan*, 184 Ariz. at 560 (quoting *Arnett*, 119 Ariz. at 50). Prospective Juror 78 acknowledged *her own* inability to be fair and impartial given her own experience with the justice system and presumptions she bore regarding a defendant's guilt simply by virtue of being charged with a crime and exercising his right to a jury trial; but such "non-expert" opinion statements are not presumed to taint the jury pool. *See Doerr*, 193 Ariz. at 62, ¶¶ 19-20. Furthermore, in the absence of objective indicia that Prospective Juror 78's comments affected the other jurors' ability to be fair and impartial, Reed cannot establish prejudice. Accordingly, we find no abuse of discretion. *See Bauta v. State*, 698 So. 2d 860, 861-62 (Fla. Dist. Ct. App. 1997) (finding no abuse of discretion in the trial court's denial of the defendant's motion to discharge the jury panel following a prospective juror's emotional outburst where further examination of the remaining jury panel members revealed their objectivity had not been affected by the outburst).

**CONCLUSION**

**¶11**        Reed's convictions and sentences are affirmed.

