NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CURTIS LEE ANDRE CRAWFORD, *Appellant.*

No. 1 CA-CR 19-0323
FILED 5-5-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-152284-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**J O N E S**, Judge:

**¶1**        Curtis Crawford appeals his conviction and sentence for manslaughter.  He argues the prosecutor's statements during closing argument constituted misconduct and resulted in fundamental error.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        On November 5, 2016, Crawford argued with the victim, his girlfriend, about a Facebook message Crawford sent to another woman on a cell phone.[1]  After a gun discharged, Crawford emerged from the victim's apartment and told a person nearby that he thought "she killed herself."  Crawford told the 9-1-1 dispatcher and the police the victim had stabbed herself in the stomach and then shot herself in the head.

**¶3**        Crawford later told the police he accidentally shot the victim.  At trial, Crawford provided a third version of events, testifying he shot the victim in self-defense after she lunged at him with a knife.

**¶4**        During closing argument, the prosecutor highlighted the inconsistencies in Crawford's various reports, stating:

> [T]hroughout this case, [Crawford] got all of the evidence, and he got all of the police reports and all of the statements from other people, and then working with his attorneys, he had the option and the opportunity to now form his statement so that it conforms to all the evidence and still lets him off the hook.

---

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

The prosecutor described what he believed to be Crawford's defense strategy, surmising that defense counsel might have said:

> [O]kay, we can't go with the accident theory that you said, Curtis. We'll go with self-defense. Harder for the State to disprove. You can get up and say whatever you want. The other person is not there. We'll go with that.

The prosecutor then reminded the jury that "again, [Crawford] has the benefit of knowing what all the evidence is going to be, what all the statements are ahead of time, and he can mold his testimony around it." Crawford did not object to any of these arguments during trial.

¶5        The jury convicted Crawford of manslaughter, and the trial court sentenced him as a dangerous, non-repetitive offender to fifteen years' imprisonment and credited him with 923 days of presentence incarceration. Crawford timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        Crawford argues the prosecutor committed misconduct by suggesting during closing argument that Crawford had changed his testimony to fit the evidence. We typically review claims of prosecutorial misconduct for harmless error. *See State v. Martinez*, 230 Ariz. 208, 214, ¶ 25 (2012) (citing *State v. Gallardo*, 225 Ariz. 560, 568, ¶ 35 (2010)). But because Crawford did not object to the prosecutor's statements during closing argument, we review for fundamental error. *Id.*

¶7        Proving prosecutorial misconduct is not an easy task; "[t]o prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Goudeau*, 239 Ariz. 421, 465, ¶ 193 (2016) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)). This Court will reverse a conviction for prosecutorial misconduct "only if '(1) the prosecutor committed misconduct and (2) a reasonable likelihood exists that the prosecutor's misconduct could have affected the verdict.'" *Id.* (quoting *State v. Benson*, 232 Ariz. 452, 463, ¶ 40 (2013)).

¶8        Prosecutors "are given wide latitude in their closing arguments to the jury." *State v. Comer*, 165 Ariz. 413, 426 (1990) (citing *State v. Boag*, 104 Ariz. 362, 366 (1969)). This freedom is not unbridled; "[j]ury

argument that impugns the integrity or honesty of opposing counsel is improper." *State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014) (quoting *Hughes*, 193 Ariz. at 86, ¶ 59); *see also State v. Smith*, 182 Ariz. 113, 116 (1995) (noting that a prosecutor's unsubstantiated statement that defense counsel is a liar was "grossly inappropriate"). But, "criticism of defense theories and tactics is a proper subject of closing argument." *Ramos*, 235 Ariz. at 238, ¶ 25 (quoting *U.S. v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)).

¶9        The prosecutor's statements here, when considered as a whole, were permissible critiques of Crawford's chosen defense. The prosecutor raised the possibility that the defendant, upon learning of the State's evidence, could have spun the evidence in his favor, and even used the word "strategy" to describe the defense's tactics. In an analogous case, *State v. Amaya-Ruiz*, the prosecutor argued the defense theory that multiple law enforcement agencies conspired to frame the defendant was a "smoke screen" and "outrageous." 166 Ariz. 152, 171 (1990). Our supreme court held the statements were permissible attacks on the defendant's strategy. *Id.* Here, we likewise hold the prosecutor did not act improperly by criticizing Crawford's chosen defense.

¶10       Nor were the prosecutor's statements suggesting Crawford's testimony was fabricated improper. In *State v. Hughes*, the State presented evidence that the defendant's sister changed her testimony to conform to the defendant's version of events. 193 Ariz. at 83, ¶ 50. Thereafter, the prosecutor argued in the rebuttal to his closing argument:

> [I]f you go like three days later, four days later, a month later[,] [the defense] ha[s] had the opportunity to digest the criminal statutes, the case law, they've had the opportunity to sit around with the other inmates at the county jail, they have had the opportunity to think and reflect upon what they've done, they've had the opportunity to discuss matters with their sister or mother and everybody else involved in the case, and then they've decided to try to put a story together.

*Id.* Our supreme court found no prosecutorial misconduct because "the record contained facts from which the State could fairly make a fabrication argument about [the d]efendant and his family." *Id.*

¶11       Like the key witness in *Hughes*, Crawford changed his story and his chosen defense — not just once, but *twice*. Therefore, the prosecutor here was equally justified in stating Crawford "ha[d] the benefit of knowing what all the evidence [wa]s going to be, what all the statements [we]re

ahead of time, and he c[ould] mold his testimony around it" before taking the stand.

¶12        To the extent the prosecutor suggested Crawford's counsel was himself dishonest, the comments were improper. *See, e.g.*, *State v. Gonzales*, 105 Ariz. 434, 437 (1970) (finding the prosecutor's remarks that defense counsel was talking "out of two sides of his mouth" and referring to him as a "poor, humble, simple little fellow who was playing games with the jury" were improper). But even were we to interpret the prosecutor's arguments in this manner, *see Amaya-Ruiz*, 166 Ariz. at 171 (concluding that remarks alleged to be disparaging to defense counsel "when taken in context . . . attacked defendant's argument, rather than his counsel"); *Ramos*, 235 Ariz. at 238, ¶ 25 (finding that "[a]lthough some of the prosecutor's comments suggested that defense counsel was attempting to mislead the jury," the arguments as a whole "did [no] more than criticize defense tactics"), Crawford has not shown the comments resulted in fundamental error where the trial court instructed the jury that the prosecutor's argument is not evidence, *see Gonzales*, 105 Ariz. at 437.

¶13        On this record, we cannot say the prosecutor committed misconduct such that Crawford was denied due process. Accordingly, we find no reversible error.

## CONCLUSION

¶14        Crawford's conviction and sentence are affirmed.

