NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JASON RAMONE DAVIS, *Appellant.*

No. 1 CA-CR 20-0164
FILED 3-9-2021

Appeal from the Superior Court in Maricopa County
No.  CR2019-128730-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**F U R U Y A**, Judge:

¶1        Jason Ramone Davis appeals his convictions and sentences for one count of theft of means of transportation and one count of possession of burglary tools. Davis argues that he is entitled to a new trial based on alleged misconduct by the prosecutor during closing argument. Because Davis has not shown prosecutorial misconduct, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Davis was pulled over while driving a vehicle that had been reported stolen. The officer making the stop had to jiggle and use physical force to retrieve the key from the ignition of the car. The officer recognized the key as a "jiggle key," a customized burglary tool used to start older vehicles.

¶3        The officer arrested Davis and read him his *Miranda*[1] rights, which Davis stated he understood. Thereafter, among multiple other admissions, Davis told the officer that he had "borrowed this car from a friend," but could not provide the friend's physical features or any contact information.

¶4        The State charged Davis with one count of theft of means of transportation, a class 3 felony, and one count of possession of burglary tools, a class 6 felony.

¶5        At trial, Davis presented evidence that he was wearing a state-issued GPS ankle monitor at the time the car was stolen. GPS data from this monitor indicated Davis had not been at the specific address from which the car was stolen during the relevant time frame for the initial theft. However, the same data also revealed that Davis had been within the general vicinity of this address.

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶6          In her rebuttal to closing arguments, the prosecutor argued:

> What does this GPS ankle monitor prove? It doesn't provide
> a defense. Doesn't prove he was involved in the theft either.
> So I don't know why defense counsel showed this particular
> data to you. It just—the only thing this GPS data does is just
> make it so much more suspicious. That's the only thing this
> data does. But that was the tactic of the defense counsel in this
> case. The tactic of the defense counsel was to distract you.
> And that's his job.

¶7          Davis' counsel objected to these statements as improper argument, and the superior court overruled the objection. The jury found Davis guilty on both counts. Given his prior criminal history, the court sentenced Davis to concurrent terms of twelve years. Davis timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶8          Davis contends the State's arguments in rebuttal, as highlighted above, were improper. Because defense counsel objected to the alleged misconduct, we review for harmless error. *State v. Martinez*, 230 Ariz. 208, 214, ¶ 25 (2012) (citing *State v. Gallardo*, 225 Ariz. 560, 568, ¶ 35 (2010)).

¶9          To prove reversible error based on prosecutorial misconduct, "a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Goudeau*, 239 Ariz. 421, 465, ¶ 193 (2016) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)). A defendant must demonstrate that: "(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict[.]" *State v. Moody*, 208 Ariz. 424, 459, ¶ 145 (2004) (internal quotation omitted).

¶10          "[J]ury argument that impugns the integrity or honesty of opposing counsel is improper." *Moody*, 208 Ariz. at 459, ¶ 145 (quoting *Hughes*, 193 Ariz. at 86, ¶ 59); *see also State v. Smith*, 182 Ariz. 113, 115-16 (App. 1995) (noting that a prosecutor's written and oral statements that defense counsel is a liar were "grossly inappropriate"). However, prosecutors are given "wide latitude in presenting their closing arguments to the jury," *State v. Jones*, 197 Ariz. 290, 305, ¶ 37 (2000), including the ability to invoke "criticism of defense theories and tactics . . . [.]" *State v. Ramos*, 235

Ariz. 230, 238, ¶ 25 (App. 2014) (quoting *U.S. v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)).

¶11        In *Ramos,* for example, the State argued during rebuttal that the defense had presented evidence that attempted to "divert the jurors from the relevant evidence by raising distractions or 'red herrings.'" 235 Ariz. at 237–38, ¶¶ 24–25. Notwithstanding these statements suggesting defense counsel was trying to mislead the jury, the *Ramos* court nevertheless found that it could not "say that those statements did more than criticize defense tactics." *Id.* at 238, ¶ 25.

¶12        In this case, the State's rebuttal likewise suggested that Davis' counsel had used evidence to distract. And in light of the fact that Davis did not dispute telling officers that someone had loaned him the car, the GPS evidence was arguably irrelevant and simply a distraction. Accordingly, the prosecutor's argument was not improper. Moreover, the State specifically clarified, "that was the *tactic* of the defense counsel in this case. The *tactic* of the defense counsel was to distract you." (Emphasis added.)

¶13        To be sure, the references to "defense counsel" and argument that it was defense counsel's "job" to distract the jury could have been more nuanced. That said, the State's criticism of the defense's tactic did not exceed the latitude afforded prosecutors during closing arguments. Consequently, Davis has failed to show prosecutorial misconduct on this record, and therefore, no error has been established.

## CONCLUSION

¶14        Davis' convictions and sentences are affirmed.

